120 F.3d 269
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Gordon J. POWERS, Plaintiff-Appellant,
v.
Charles D. MARSHALL; Alex M. Astorga, David Cooper, M.D.;
Wanek, M.D.; Kevin P. Johns, M.D.; Dwight Winslow, M.D.;
Corey Wansbury, M.D.; J. Kravitz, Health Coordinator;
Thayer, MTA, Defendants-Appellees.
 No. 96-16040.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 14, 1997.**
Decided July 17, 1997.
 
 Before: HUG, Chief Judge, KOZINSKI and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Gordon J. Powers, a California state prisoner, appeals pro se the district court's summary judgment for defendants in his 42 U.S.C. § 1983 action alleging deliberate indifference to serious medical needs in violation of the Eighth Amendment. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's grant of summary judgment, see Barnett v. Centoni, 31 F.3d 813, 815 (9th Cir.1994) (per curiam), and we affirm.
 
 
 3
 "[D]eliberate indifference to a prisoner's serious illness or injury states a cause of action under § 1983." Estelle v. Gamble, 429 U.S. 97, 105 (1976). Neither gross negligence nor a difference of opinion between the treating physician and the prisoner is sufficient to establish deliberate indifference. See Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir.) (difference of opinion), cert. denied, 117 S.Ct. 584 (1996); Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir.1990) (gross negligence).
 
 
 4
 Powers's verified complaint, the evidence submitted with his opposition to defendants' motions for summary judgment, and the evidence submitted with his motion to amend his opposition established that defendants (1) prescribed medications which failed to cure his ear infection, (2) chose to medicate his infection instead of operating, (3) failed to supply the correct kind of ear plugs to keep water out of Powers's ears, (4) recommended an inadequate substitute--the use of cotton and Vaseline--instead of supplying rubber ear plugs, and (5) failed to prescribe sufficiently strong painkillers. This evidence establishes, at most, that defendants were negligent or that Powers and defendants disagreed about the treatment he should receive for his chronic ear infection.
 
 
 5
 Accordingly, the district court did not err by granting summary judgment for defendants on Powers's deliberate-indifference claim. See Jackson, 90 F.3d at 332; Wood, 900 F.2d at 1334.[1]
 
 
 6
 Because Powers never "ma[d]e clear what information [he] sought and how it would preclude summary judgment" in his various motions to compel discovery and seeking extensions of time to complete discovery, the district court did not err in granting summary judgment. Barona Group of the Capitan Grande Band of Mission Indians v. American Managment & Amusement, Inc., 840 F.2d 1394, 1400 (9th Cir.1987); see also Klingele v. Eikenberry, 849 F.2d 409, 412 (9th Cir.1988).
 
 
 7
 Because no exceptional circumstances justified appointment of counsel, the district court did not err by denying Powers's motions for appointment of counsel. See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir.1991).
 
 AFFIRMED.[2]
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4. Accordingly, Powers's request for an extension of time to present reasons why oral argument should be heard is denied
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 In addition, there is nothing in the record establishing that Powers suffered an actual injury after the district court ordered defendants to return Powers's legal materials and grant him access to the law library when he had a legal deadline within thirty days. See Lewis v. Casey, 116 S.Ct. 2174, 2178-80 (1996)
 
 
 [2]
 Because of our disposition of this appeal, we do not consider the applicability, if any, of the Prison Litigation Reform Act, Pub.L. No. 104-134, 110 Stat. 1321 (1996), to this appeal